**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-668-H**

**BUFORD W. FISHBACK, JR.**                                                               **PLAINTIFF**

**v.**

**YOLONDA ADAMS** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Buford W. Fishback, Jr., filed a *pro se* civil complaint. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

In the complaint, Plaintiff claims as follows:

> I was arrested and held in detention on Dec 6/06 in Louisville Ky. for something that was beyond my control. Plus I was un-able to convince the Judge of either my innocence or that I needed time to finish this concert obligation. This forced me to cancel a concert that had been contracted to Play on Dec 15/06 at the Louisville Garden. This was a "Forced Majeure"[1] that Left me unable to continue or defend myself.

Plaintiff sues the following four Defendants: (1) Yolanda Adams, of West University, Texas, who was a featured Grammy-award-winning gospel artist for the concert; (2) Cuba Gooding, Sr., of San Diego, California, who was also a featured singer for the concert; (3) Jeff Goans, of Houston, Texas, Manager for Defendant Adams; and (4) Tommy Jones, of Louisville Kentucky,

---

[1] A "force-majeure clause" is "[a] contractual provision allocating the risk if performance becomes impossible or impracticable, esp. as a result of an event or effect that the parties could not have anticipated or controlled." Black's Law Dictionary (8th ed. 2004).

who was in charge of "the Sound/Lights and promotion for Radio/TV for the concert." As relief, Plaintiff wants Defendants either to perform at another concert or to return all deposits plus a 20% charge or "if they become argumentive then a $100,000 suite should be assest for damages from each of them."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir.1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff has failed to meet his burden. For instance, under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332. "[D]iversity jurisdiction does not exist unless *each* defendant is

a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). While Defendants Adams, Goans, and Gooding are from a state different than Plaintiff, Defendant Jones and Plaintiff are both from Kentucky. Consequently, Plaintiff cannot bring any state law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While a portion of Plaintiff's complaint has been drafted on a form for filing a federal civil rights action under 42 U.S.C. § 1983, nowhere does he allege either of the two necessary elements of a § 1983 claim. Specifically, Plaintiff fails to allege (1) that he has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that Defendants deprived him of that right while acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Even under the most liberal of construction of the complaint, the Court can discern no federal cause of action under which the plaintiff may invoke this Court's federal-question jurisdiction.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an

3

advocate seeking out the strongest arguments and most successful strategies for a party."

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.005